UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT FALCONE and JOANNE PETERSON,

                          Plaintiffs,

        -against-                                    MEMORANDUM & ORDER
                                                     13-CV-5950(JS)(AKT)
UNDERWRITERS AT LLOYD'S, LONDON
(LLOYD'S LONDON) and NATIONAL
CATASTROPHE INSURANCE PROGRAM,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:        Sean Greenwood, Esq.
                      Gauthier Houghtaling & Williams
                      52 Duane Street, 7th Floor
                      New York, NY 10007

For Defendants:       No appearances.

SEYBERT, District Judge:

        On October 28, 2013, plaintiffs Robert Falcone and

Joanne Peterson (collectively, "Plaintiffs") commenced this action

against defendants Underwriters at Lloyd's, London (Lloyd's

London) and National Catastrophe Insurance Program (collectively,

"Defendants").  Plaintiffs assert their own breach of contract

claims against Defendants based on Defendants' denial of

Plaintiffs' individual insurance claims for property damage caused

by Superstorm Sandy.  For the following reasons, the claim of the

second-named plaintiff, Joanne Peterson, is sua sponte SEVERED

from this action pursuant to Rules 20 and 21 of the Federal Rules

of Civil Procedure and DISMISSED WITHOUT PREJUDICE to commencing

a separate action for claims related to her individual insurance claim.

<u>BACKGROUND</u>[1]

Plaintiffs separately own real property in this judicial district and separately purchased from Defendants flood insurance policies to cover their respective properties. (Compl. ¶¶ 1, 4, 9.) Defendants are "Write Your Own" insurance carriers participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act. (Compl. ¶¶ 3-4.)

Plaintiffs both allege damage to their properties due to flood caused by Superstorm Sandy, which struck the New York metropolitan area on October 29, 2012. (Compl. ¶ 11-12.) Plaintiffs claim that they submitted valid insurance claims to Defendants but that Defendants "wrongfully denied or unfairly limited payment on the claims of each [sic] Plaintiff." (Compl. ¶ 13-14.) Accordingly, Plaintiffs separately assert a breach of contract claim against Defendants based on Defendants' alleged failure or refusal to pay Plaintiffs' individual insurance claims. (Compl. ¶¶ 16-21.)

Based on the allegations of the Complaint, Plaintiffs' claims share very little in common. Although Plaintiffs allege that Defendants issued Plaintiffs "Standard Flood Insurance

---

[1] The following facts are drawn from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

Policies" (Compl. ¶ 3), they do not state whether the policies are identical or if they even contain similar terms. Although Plaintiffs generally allege that Superstorm Sandy "severely damag[ed]" their properties (Compl. ¶ 11), they do not explain the nature and extent of the damage to their distinct properties. Plaintiffs do not explain why Defendants denied their claims, or even whether Defendants did so for the same reasons. Moreover, Plaintiffs respective properties are in different locations in two different New York counties. (Compl. ¶ 1.)

DISCUSSION

Plaintiffs allege that their claims are properly joined under Rule 20(a) of the Federal Rules of Civil Procedure "because they present similar claims against common Defendants and involve questions of fact or law that are common to all Plaintiffs." (Compl. ¶ 7.) The Court disagrees. As explained below, the facts alleged in the Complaint do not satisfy the first precondition to joinder under Rule 20(a), i.e., that Plaintiffs' claims arise out of the same "transaction" or "occurrence."

I.   Permissive Joinder of Parties

Rule 20(a)(1) permits the joinder of multiple plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all

3

plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1).

These elements are preconditions and both must be met for joinder

to be proper. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154,

159 (S.D.N.Y. 2009) ("As is clear from the plain language of [the

Rule], both criteria must be met for joinder to be proper.").

While "[t]he requirements of Fed. R. Civ. P. 20(a) are to be

interpreted liberally to enable the court to promote judicial

economy by permitting all reasonably related claims for relief by

or against different parties to be tried in a single proceeding,

the requirements of the rule still must be met and constrain the

Court's discretion." Kalie v. Bank of Am. Corp., --- F.R.D. ----

, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (alteration in

original) (internal quotation marks and citation omitted). "If a

court concludes that [parties] have been improperly joined under

Rule 20, it has broad discretion under Rule 21 to sever [those]

parties . . . from the action." Id.

In determining whether claims arise out of the same

"transaction" or "occurrence" under Rule 20(a), "courts are to

look to the logical relationship between the claims and determine

'whether the essential facts of the various claims are so logically

connected that considerations of judicial economy and fairness

dictate that all the issues be resolved in one lawsuit.'" Id.

(quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir.

4

1979)).  Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a).  Deskovic, 673 F. Supp. 2d at 159.

Here, Plaintiffs' claims do not arise out of the same transaction or occurrence.  Courts in this District have recently applied the standards set forth above to almost identical lawsuits seeking insurance coverage for property damage caused by Superstorm Sandy and have summarily held that joinder is not appropriate.  See, e.g., Dante v. Nat'l Flood Ins. Program, No. 13-CV-6207, 2013 WL 6157182, at *2 (E.D.N.Y. Nov. 22, 2013) (collecting similar cases from the Eastern District of Louisiana and the Southern District of Mississippi denying joinder of insurance claims related to property damage caused by Hurricane Katrina); Baiardi v. The Standard Fire Ins. Co., No. 13-CV-5912, 2013 WL 6157231, at *2-3 (E.D.N.Y. Nov. 21, 2013).  As these courts recognized, despite the fact that a single natural disaster, Superstorm Sandy, caused the damage to Plaintiffs' properties, Plaintiffs' claims do not arise out of the same transaction or occurrence because "[t]he claims involve entirely different factual and legal issues, including each property's respective condition and location before the storm, the value of the properties, and the extent of damage sustained."  Dante, 2013 WL 6157182, at *2 (quoting Sucherman v. Metro. Prop. & Cas. Ins. Co., Nos. 06-CV-8765, 05-CV-6456, 2007 WL 1484067, at *2 (E.D. La. May 21, 2007)).  Thus, with respect to damages, Plaintiffs' individual

5

claims undoubtedly will require different evidence relating to the cause of and the extent of the loss. Plaintiffs' individual claims also may require particularized evidence on the issue of whether the policies actually provide coverage for Plaintiffs' claims because Plaintiffs purchased separate insurance policies and Defendants may have different reasons for denying and/or limiting payment for Plaintiffs' individual claims.

As far as the Court can tell from the Complaint here, the only material commonalities between Plaintiffs' claims are that Plaintiffs' properties suffered damages caused by the same storm and that Plaintiffs present similar legal theories against common defendants. However, the mere presence of common defendants and "common questions of law or fact does not satisfy the same transaction or occurrence requirement." Id. at *3 (holding that plaintiffs' separate insurance claims for damages caused by Superstorm Sandy did not arise out of the same transaction or occurrence because plaintiffs "failed to explain why their individual claims should be joined other than that they share two common facts--that they were brought about by Hurricane Sandy and brought against [the same defendant]--and may raise similar theories of law") (quoting McNaughton v. Merck & Co., No. 04-CV-8297, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004)); see Abraham v. Am. Home Mortg. Servicing, Inc., --- F. Supp. 2d ----, 2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013) (holding that plaintiffs'

"separate mortgage transactions d[id] not constitute a single transaction or occurrence" and stating that "even claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action").

With no common transaction or occurrence among Plaintiffs' claims, the Court therefore finds that Plaintiffs' claims are not properly joined under Rule 20(a). Accordingly, the claim of the second-named plaintiff, Joanne Peterson, is sua sponte SEVERED from this action pursuant to Rule 20 and DISMISSED WITHOUT PREJUDICE to commencing a separate action related to her insurance policy. See Kalie, 2013 WL 4044951, at *6 (holding that where there is "no common transaction or occurrence, severance and dismissal of the misjoined claims is mandatory").

## II. Severance Under Rule 21

Finally, the Court notes that, even if the presence of common defendants or a single natural disaster were sufficient to satisfy Rule 20(a), the Court would reach the same result in exercising its discretion under Rule 21 of the Federal Rules of Civil Procedure. Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [and] sever any claim against any party." FED. R. CIV. P. 21.

In deciding whether to sever a claim under Rule 21, courts generally consider, in addition to the preconditions set

7

forth in Rule 20(a), "[1] whether settlement of the claims or judicial economy would be facilitated; [2] whether prejudice would be avoided if severance were granted; and [3] whether different witnesses and documentary proof are required for the separate claims." Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). "A court should consider whether severance will 'serve the ends of justice and further the prompt and efficient disposition of litigation.'" Crown Cork, 288 F.R.D. at 332 (quoting T.S.I. 27, Inc. v. Berman Enters., Inc., 115 F.R.D. 252, 254 (S.D.N.Y. 1987)); see also In re Ski Train Fire in Kaprun, Austria, on November 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Here, joinder of Plaintiffs' claims involving separate insurance policies does not serve the interest of judicial economy. There will be little, if any, overlapping discovery and Plaintiffs' individual breach of contract claims will require distinct witnesses and documentary proof. See Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co., No 03-CV-3923, 2004 WL 1586429, at *2 (S.D.N.Y. July 15, 2004) (severing breach of insurance policy claims even though policies were identical because joinder would not serve the interests of judicial economy or efficiency). Furthermore, settlement of the claims is likely to be facilitated

8

if the claims relating to separate insurance policies are litigated separately.  See Adams v U.S. Bank, NA, No. 12-CV-4640, 2013 WL 5437060, at * 4 (E.D.N.Y. Sept. 27, 2013).  In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice defendants."  Kalie, 2013 WL 4044951, at * 6 (internal quotation marks and citation omitted).  Thus, for these reasons, the Court also finds that the Rule 21 factors require severance of the second-named plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the claim of Plaintiff Joanne Peterson, the second-named plaintiff, is sua sponte SEVERED pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and DISMISSED WITHOUT PREJUDICE to commencing a separate action for her insurance policy issued by Defendants.  If Ms. Peterson wishes to commence a separate action, she must do so within thirty (30) days of the date of this Memorandum and Order.

Additionally, the statute(s) of limitations for any claim asserted herein is tolled for a period of thirty (30) days from the date of this Order.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    December __17__, 2013
          Central Islip, NY

9